Carolyn Hunt Cottrell (SBN 166977)
Eugene Zinovyev (SBN 267245)
Andrew Weaver (SBN 318935)
Philippe M. Gaudard (SBN 331744)
**SCHNEIDER WALLACE**
**COTTRELL KONECKY LLP**
2000 Powell Street, Suite 1400
Emeryville, California 94608
Tel:   (415) 421-7100
Fax:   (415) 421-7105
ccottrell@schneiderwallace.com
ezinovyev@schneiderwallace.com
aweaver@schneiderwallace.com
pgaudard@schneiderwallace.com
*Attorneys for Plaintiff,*
*on behalf of the putative Class*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**(EASTERN DIVISION – RIVERSIDE)**

| | |
|---|---|
| LUZ GOMEZ, on behalf of the Class and putative Class Members, <br><br> *Plaintiff,* <br><br> vs. <br><br> 4400 WE TECHNOLOGIES, INC. d/b/a PATTERN JOBS; PATTERN LABS, INC.; and RADIAL, INC., <br><br> *Defendants.* | Case No. 5:22-cv-00283 <br><br> **CLASS ACTION COMPLAINT FOR VIOLATIONS OF:** <br><br> 1. **Failure to Pay for All Hours Worked (Cal. Lab. Code § 204);** <br><br> 2. **Failure to Pay Minimum Wage for All Hours Worked (Cal. Lab. Code §§ 204 1194, 1197 and 1198);** <br><br> 3. **Failure to Pay Overtime Wages (Cal. Lab. Code § 510);** <br><br> 4. **Failure to Authorize and Permit and/or Make Available Meal and Rest Periods (Cal. Lab. Code §§ 226.7 and 512);** <br><br> 5. **Failure to Provide Timely and Accurate Itemized Wage Statements (Cal. Lab. Code § 226);** <br><br> 6. **Waiting Time Penalties (Cal. Lab. Code §§ 201-203)** <br><br> 7. **Unlawful Business Practices (Cal. Bus. & Prof. Code §§ 17200, *et seq.*).** <br><br> **DEMAND FOR JURY TRIAL** |

**INTRODUCTION**

1.    Plaintiff Luz Gomez ("Plaintiff"), individually and on behalf of all others similarly situated individuals, brings this class action against Defendants 4400 WE Technologies, Inc. d/b/a Pattern Jobs ("4400 WE Technologies"), Pattern Labs, Inc. ("Pattern Labs") and Radial, Inc. ("Radial") (collectively "Defendants") as non-exempt, hourly workers, including, but not limited to,  warehouse clerks, picking associates, fulfillment associates, shipping associates, site routers, forklift operators, maintenance technicians, facilities technicians, inventory control specialists, commonly referred to as warehouse associates and other workers with similar job duties ("putative Class Members") to challenge Defendants' violations of California wage and hour laws.

2.    This action stems from Defendants' policies and practices of: (1) misclassifying Plaintiff and putative Class Members as independent contractors instead of employees; (2) failing to compensate Plaintiff and putative Class Members for all hours worked; (3) failing to pay Plaintiff and putative Class Members minimum wage for all hours worked; (4) failing to pay Plaintiff and putative Class Members all overtime wages owed; (5) failing to make available, authorize and/or permit Plaintiff and putative Class Members to take timely and compliant meal and/or rest periods to which they are entitled by law and failing to make premium payments for those non-compliant meal and rest periods; (6) failing to provide Plaintiff and putative Class Members accurate, itemized wage statements, and (7) failing to failure to timely pay Plaintiff and putative Class Members all wages due upon separation from employment.

3.    Plaintiff seeks damages, penalties, and interest to the full extent permitted by the California Labor Code and Industrial Welfare Commission ("IWC") Wage Orders, as well as other relief requested herein.

**SUBJECT MATTER JURISDICTION AND VENUE**

4.    This Court has original federal jurisdiction under 28 U.S.C. § 1332. Plaintiff seeks damages in an amount that exceeds $75,000.00 and the matter in controversy is between citizens of different States. This Court has supplemental

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL
*Gomez. v. 4400 WE Technologies, Inc. d/b/a Pattern Jobs, et al.*

1  jurisdiction over Plaintiff's California state law claims under 28 U.S.C. § 1367(a)
2  because they are so related to this action that they form part of the same case or
3  controversy.

4       5.    Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b).
5  Plaintiff worked in this District and the claims asserted arose in this District. At all
6  material times Defendants have been actively conducting business in the State of
7  California and within the geographic area encompassing the Central District of the State
8  of California.

9                                    **PARTIES**

10      6.    Plaintiff Luz Gomez is an individual over the age of eighteen, and at all
11 times relevant to this Complaint was a resident of the State of California, County of San
12 Bernardino.  Plaintiff worked for Defendants as a warehouse associate in Rialto,
13 California from approximately September 2021 until December 2021.

14      7.    Plaintiff is informed, believes, and thereon alleges that Defendant 4400
15 WE Technologies, doing business as Pattern Jobs, is a Delaware corporation with its
16 principal place of business located in New York, NY. 4400 WE Technologies is
17 registered to do business in the State of California, does business in the State of
18 California. 4400 WE Technologies may be served with process by serving its registered
19 agent, Corpnet Incorporated, 31416 Agoura Rd., Suite 118, Westlake Village,
20 California 91361.

21      8.    Plaintiff is informed, believes, and thereon alleges that Defendant Pattern
22 Labs is a Delaware corporation with its principal place of business located in Nederland,
23 Colorado. Pattern Labs does business in the State of California through its subsidiary
24 4400 WE Technologies doing business as Pattern Jobs. Pattern Labs may be served with
25 process by serving its registered agent, Kellen C. Schroeter, 252 South Peak to Peak
26 Hwy, Nederland, Colorado 80466.

27      9.    Upon information and belief, Pattern Labs is the parent company of 4400
28 WE Technologies doing business as Pattern Jobs. Pattern Labs and 4400 WE

Technologies are part of the staffing services industry. Pattern Labs and 4400 WE Technologies provides the corporations with which they contract across the United States, including in California, with recruiting, onboarding, scheduling, and payroll services. Pattern Labs and 4400 WE Technologies employ hundreds of workers, including Plaintiff and putative Class Members, in the State of California

10.    Plaintiff is informed, believes, and thereon alleges that Defendant Radial is a Pennsylvania corporation with its principal place of business located in King of Prussia, Pennsylvania. Radial is registered to do business in the State of California and does business in the State of California. Radial may be served with process by serving its registered agent, CSC – Lawyers Incorporating Service, 2710 Gateway Oaks Drive, Suite 150N, Sacramento, California 95883.

11.    Upon information and belief, Radial is part of the administrative services industry. Radial provides its customers with order management, payment processing, order routing, fulfillment, and analytics services. Radial provides its services throughout the United States, including in the State of California. Radial employs hundreds of hourly, non-exempt workers similarly situated to Plaintiff in the State of California.

12.    Plaintiff is informed, believes, and thereon alleges Pattern Labs and 4400 WE Technologies provide Radial with recruiting, onboarding, scheduling, and payroll services. For instance, Pattern Labs and 4400 WE Technologies recruited and hired Plaintiff to work for Radial as a warehouse associate at Radial's warehouse located in Rialto, California.

13.    Plaintiff is informed, believes, and thereon alleges that Defendants jointly exercise control over Plaintiff and putative Class Members with respect to their employment.

14.    At all material times, Defendants have done business under the laws of California, have places of business in the State of California, including in this judicial district, and have employed putative Class Members in this judicial district. Defendants

are "person(s)" as defined in Cal. Lab. Code § 18 and Cal. Bus. & Prof. Code § 17201. Defendants are also "employers" as that term is used in the California Labor Code and the IWC Wage Orders.

15.    Defendants employ Plaintiff and putative Class Members because Defendants, directly or indirectly, control the employment terms, pay practices, timekeeping practices, and daily work of Plaintiff and putative Class Members.

**FACTUAL ALLEGATIONS**

16.    Upon information and belief, Defendants Pattern Labs and 4400 WE Technologies are part of the staffing services industry. Pattern Labs and 4400 WE Technologies provides the corporations with which they contract across the United States, including in California, with recruiting, onboarding, scheduling, and payroll services.

17.    Upon information and belief, Defendant Radial is part of the administrative services industry. Radial provides its customers with order management, payment processing, order routing, fulfillment, and analytics services. Radial provides its services throughout the United States, including in the State of California.

18.    Upon information and belief, Radial operates approximately twenty-five fulfillment centers nationwide, including two fulfillment centers in the State of California respectively located in Rialto and Montebello. Throughout its fulfillment centers, including Rialto and Montebello, Radial provides its clients a service dedicated to streamline orders and inventory management across distribution centers and suppliers. Radial's warehouse associates, including Plaintiff and putative Class Members, are generally responsible for, without limitations, ensuring that every order is processed and filled correctly, controlling, storing, packing, and unpacking inventories, and preparing and shipping orders.

19.    Plaintiff worked for Defendants as a warehouse associate in Rialto, California from approximately September 2021 until December 2021. Plaintiff was recruited and hired by Pattern Labs and 4400 WE Technologies and assigned to work

for Radial. Plaintiff's duties included, without limitations, storing, packing, unpacking, and controlling Defendants' inventory. While Plaintiff's shifts varied in length, Plaintiff usually worked eight (8) hours or more per shift, five (5) days per week. Plaintiff worked approximately forty (40) hours or more per week. During peak season, *i.e.*, from approximately October until December, Plaintiff worked ten (10) hours or more per shift, five (5) shifts per week for a total of fifty (50) hours or more per week.

20.    Plaintiff was compensated at an hourly rate of $15.00. During peak seasons, *i.e.*., from approximately October until December, Plaintiff was compensated at an hourly rate of $19.00.

21.    Defendants pay putative Class Members, including Plaintiff, on an hourly rate basis.

22.    Plaintiff is informed, believes, and thereon alleges that Defendants employ and have employed hundreds of hourly, non-exempt workers similarly situated to Plaintiff in California, including, but not limited to, warehouse clerks, picking associates, fulfillment associates, shipping associates, site routers, forklift operators, maintenance technicians, facilities technicians, inventory control specialists, commonly referred to as warehouse associates and other workers with similar job duties.

23.    Plaintiff is informed, believes, and based thereon, alleges that putative Class Members are employed by Defendants in a similar manner throughout California, including in this judicial district, and perform work materially similar to Plaintiff.

24.    Defendants hire and misclassify Plaintiff and putative Class Members as independent contractors instead of employees

25.    Putative Class Members perform their jobs under Defendants' supervision using materials and technology approved and supplied by Defendants.

26.    Putative Class Members are required to follow and abide by Defendants' common work, time, and pay policies and procedures in the performance of their jobs.

27.    At the end of each pay period, putative Class Members receive wages from Defendants that are determined by common systems and methods that Defendants select

1    and control.

2        28.    Plaintiff worked more than eight (8) hours in a day and forty (40) hours in

3    a week on at least one workweek during the four years before this Complaint was filed.

4        29.    Upon information and belief, putative Class Members worked more than

5    8 hours per day and more than 40 hours in at least one workweek during the four years

6    before this Complaint was filed.

7        30.    Defendants exercise substantial control over Plaintiff and putative Class

8    Members such as Plaintiff and putative Class Members have little to no discretion with

9    regard to how and when their work is performed and are required to strictly adhere to

10   Defendants' internal policies and procedures. For instance, Plaintiff was required to

11   follow a strict work schedule determined in advance by Defendants' supervisor(s)

12   and/or manager(s) and was required to report to her supervisor(s) and/or manager(s)

13   every day upon clocking in and before clocking out in order to review daily job

14   assignments, determine priorities and provide updates regarding orders' status. Plaintiff

15   was also required to use Defendants' tools and equipment's in order to complete her

16   work duties such as boxes, tapes, blades, forklifts and other packaging machinery, and

17   computers.

18       31.    The work performed by Plaintiff and putative Class Members is not outside

19   the usual course of Defendants' business. To the contrary, Plaintiff and putative Class

20   Members perform work that is central and essential to Defendants' business, *i.e.*,

21   ensuring that every order is processed and filled correctly, controlling, storing, packing,

22   and unpacking Defendants' inventory, and preparing and shipping orders.[1]

23       32.    Plaintiff is informed, believes, and thereon alleges that Defendants' policies

24   and practices have at all relevant times been similar for Plaintiff and putative Class

25   Members, regardless of location in California.

26       33.    Defendants' willful misclassification of Plaintiff and putative Class

27

28   _____

[1] Plaintiff was specifically responsible for, without limitations, storing, packing, unpacking, and controlling Defendants' inventory.

Members as independent contractor gives rise to substantial violations of the Cal. Lab. Code.

34.    As a matter of course, Defendants routinely deny Plaintiff and putative Class Members compensation for all hours worked, including minimum wage and overtime. Plaintiff and putative Class Members are regularly compensated for less than the total amount of hours they actually work. Plaintiff and putative Class Members receive a paycheck for each shift they work, however, the amount of pay issued to Plaintiff and putative Class Members is often insufficient and inconsistent, *i.e.*, Plaintiff's and putative Class Members' pay does not reflect the total amount of hours they actually work. Thus, Defendants underpay Plaintiff and putative Class Members by routinely refusing to compensate all time worked.

35.    As a result of these policies, Plaintiff and putative Class Members are denied substantial compensation for all hours worked, including minimum wages and overtime, which they are lawfully owed.

36.    Plaintiff is informed, believes, and thereon alleges that Defendants' same timekeeping mechanism and unlawful compensation protocols are used across all Defendants' locations throughout the State of California.

37.    Moreover, Defendants charge a currency conversion fee to Plaintiff and putative Class Members as it purportedly converts their wages from Canadian dollars into U.S. dollars. Defendants' charge for converting paid wages from Canadian dollars to U.S. dollars gives rise to unlawful withholdings of wages which impacts the hourly rates of Plaintiff and putative Class Members and results in further failure to pay for all hours worked, including minimum wage and overtime.

38.    Plaintiff in informed, believes, and thereon alleges that Defendants' same wages conversion policies are applies across all Defendants' locations throughout the State of California.

39.    Further, during peak season, *i.e.*, from approximately October until December, Plaintiff and putative Class Members often work long shifts lasting ten (10)

hours or more. However, Defendants refuses to compensate Plaintiff and putative Members at their overtime rate of one and one half their regular rate of pay for all time worked above eight (8) hours per day and/or forty (40) hours per week. Instead, Defendants continues to pay Plaintiff and putative at their regular rate of pay regardless of whether their time worked exceeds eight (8) hours per day and/or forty (40) hours per week.

40.    As a result of these policies, Plaintiff and putative Class Members are denied further overtime compensation, which they are lawfully owed.

41.    Plaintiff is informed, believes, and thereon alleges that Defendants' same practices of refusing to pay overtime when applicable are used across all Defendants' location throughout the State of California.

42.    As a matter of policy and/or practice, Defendants also fail to authorize, permit and/or make available compliant meal periods to Plaintiff and putative Class Members. Plaintiff and putative Class Members are routinely denied meal breaks for three reasons: (1) Defendants misclassify Plaintiff and putative Class Members as independent contractors that are not entitled to meal and rest periods; (2) Defendants do not authorize, permit, and/or make available timely meal breaks to Plaintiff and putative Class Members; and (3) Plaintiff and putative Class Members are often too busy with work during the day to have time to take bona fide meal breaks.

43.    When Plaintiff and putative Class Members attempt a meal break, such is often interrupted and/or untimely, *i.e.*, Defendants do not provide Plaintiff and putative Class Members with duty-free, uninterrupted, and timely thirty-minute meal periods by the end of the fifth hour of work.

44.    Despite these recurring violations, Plaintiff and putative Class Members are not provided one (1) hour of premium pay for each day they do not receive a complaint meal break.

45.    Similarly, Defendants regularly fail to make rest periods available to Plaintiff and putative Class Members.  Plaintiff and putative Class Members' schedules

regularly prevent them from taking bona fide rest breaks throughout the day. When available, if ever, such are often untimely and/or interrupted, *i.e.*, Defendants do not provide Plaintiff and putative Class Members with duty-free, uninterrupted, and timely paid ten-minute rest periods by the end of the fourth hour of work, and again by the end of the eighth hour of work.

46.    Plaintiff and putative Class Members are also not provided with one (1) hour of premium pay for each day they do not receive a complaint rest break.

47.    Further, for each day Plaintiff and putative Class Members work longer shifts of then hours or more, Defendants frequently deny Plaintiff and putative Class Members a duty-free, uninterrupted, and timely second meal break by the end of the tenth hour of work, yet again Plaintiff and putative Class Members do not receive premium payments for these missed second meal breaks.

48.    Plaintiff is informed, believes, and thereon alleges that these meal and rest periods policies and practices are used across all Defendants' facilities throughout the State of California.

49.    Defendants' common course of wage-and-hour abuse results in routinely failing to maintain true and accurate records of the hours worked by Plaintiff and putative Class Members. In particular, Defendants have failed to record all hours worked by Plaintiff and putative Class Members, including overtime.

50.    Defendants' failure to record all hours worked also results in a failure to provide putative Class Members, including Plaintiff, accurate itemized wage statements as required by California law. The wage statements Defendants provide are not accurate because they do not reflect payment for all hours worked, including minimum wage and overtime compensation. Further, the wage statements are inaccurate because they do not include premium pay for non-compliant meal and/or rest periods in violation of California law.

51.    Defendants have employed hundreds of people similarly situated to Plaintiff during the four-year period prior to the filing of this Complaint.

52.     Defendants' method of paying Plaintiff and putative Class Members was willful and was not based on a good faith and reasonable belief that their conduct complied with California law.

53.     Defendants' conduct was willful, carried out in bad faith, and caused significant damages to non-exempt hourly workers in an amount to be determined at trial.

## RULE 23 CLASS ACTION ALLEGATIONS

54.     Plaintiff brings causes of action as a class action on behalf of herself and all others similarly situated pursuant to Fed. Rule Civ. P. 23(a) and (b)(3). The California Class that Plaintiff seeks to represent is defined as follows:

**All current and former hourly, non-exempt workers including but not limited to warehouse clerks, picking associates, fulfillment associates, shipping associates, site routers, forklift operators, maintenance technicians, facilities technicians, inventory control specialists, commonly referred to as warehouse associates and other workers with similar job duties, who worked for Defendants Pattern Labs, Inc., Pattern Interactive, Inc., Pattern Jobs, and/or Radial, Inc. in California any time starting four years prior to the filing of this Complaint until resolution of this action.**

55.     This action has been brought and may properly be maintained as a class action because there is a well-defined community of interest in the litigation and the proposed class is easily ascertainable.

56.     **Numerosity**:  The potential Members of the class are so numerous that joinder of all the Members of the Class is impracticable. Plaintiff is informed and believes that the number of California Class Members exceeds 40. This volume makes bringing the claims of each individual member of the class before this Court impracticable. Likewise, joining each individual member of the California Class as a plaintiff in this action is impracticable. Furthermore, the identities of the California Class will be determined from Defendants' records, as will the compensation paid to each of them. As such, a class action is a reasonable and practical means of resolving these claims. To require individual actions would prejudice the California Class and

1  Defendants.

2        57.  **<u>Commonality</u>**:  There are questions of law and fact common to Plaintiff

3  and the California Class that predominate over any questions affecting only individual

4  Members of the Class. These common questions of law and fact include, but are not

5  limited to:

6        a.      Whether Defendants misclassify putative Class Members as independent

7  contractors instead of employees;

8        b.      Whether Defendants fail to pay putative Class Members for all hours

9  worked, including at minimum wage and as overtime compensation, in violation of the

10  Cal. Lab. Code and Wage Orders;

11        c.      Whether Defendants fail to authorize and permit, make available, and/or

12  provide putative Class Members with timely meal and/or rest periods to which they are

13  entitled in violation of the Cal. Lab. Code and Wage Orders;

14        d.      Whether Defendants fail to provide putative Class Members with timely,

15  accurate itemized wage statements in violation of the Cal. Lab. Code and Wage Orders;

16        e.      Whether Defendants fail to provide putative Class Members with all owed

17  wages upon separation from employment in violation of the Cal. Lab. Code and Wage

18  Orders;

19        f.      Whether Defendants violate Cal. Bus. & Prof. Code §§ 17200, *et seq.*, by:

20              (a)    Misclassifying putative Class Members as independent contractors

21                     instead of employees;

22              (b)    Failing to pay putative Class Members for all hours worked,

23                     including at minimum wage and as overtime compensation;

24              (c)    Failing to authorize and permit, make available, and/or provide Class

25                     Members with timely meal and/or rest periods to which they are

26                     entitled;

27              (d)    Failing to provide putative Class Members with timely, accurate

28                     itemized wage statements; and

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL
*Gomez. v. 4400 WE Technologies, Inc. d/b/a Pattern Jobs, et al.*

(e)    Failing to pay putative Class Members for all wages owed upon separation of employment.

g.    The proper formula for calculating restitution, damages and penalties owed to Plaintiff and the putative Class as alleged herein.

58.    **Typicality**:  Plaintiff's claims are typical of the claims of the California Class. Defendants' common course of conduct in violation of law as alleged herein caused Plaintiff and putative Class Members to sustain the same or similar injuries and damages. Plaintiff's claims are thereby representative of and co-extensive with the claims of the putative Class.

59.    **Adequacy of Representation**:  Plaintiff seeks relief for state law violations perpetrated by Defendants. In that sense, Plaintiff does not have any conflicts of interest with other putative Class Members and will prosecute the case vigorously on behalf of the putative Class. Counsel representing Plaintiff is competent and experienced in litigating complex cases and large class actions, including wage and hour cases. Plaintiff will fairly and adequately represent and protect the interests of the putative Class Members.

60.    **Superiority of Class Action**:  A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all proposed Class Members is not practicable, and questions of law and fact common to the Class predominate over any questions affecting only individual Members of the Class. Each proposed Class member has been damaged and is entitled to recovery by reason of Defendants' illegal policies and/or practices. Class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system.

61.    In the alternative, the putative Class may be certified because the prosecution of separate actions by the individual Members of the putative Class would create a risk of inconsistent or varying adjudication with respect to individual Members of the putative Class which would establish incompatible standards of conduct for

1  Defendants.

2      62.    If each individual putative Class Member were required to file an

3  individual lawsuit, Defendants would necessarily gain an unconscionable advantage

4  because Defendants would be able to exploit and overwhelm the limited resources of

5  each member of the putative Class with Defendants' vastly superior financial legal

6  resources.

7      63.    Requiring each individual putative Class Member to pursue an individual

8  remedy would also discourage the assertion of lawful claims by the putative Class

9  Members who would be disinclined to pursue these claims against Defendants because

10  of an appreciable and justifiable fear of retaliation and permanent damage to their lives,

11  careers and well-being.

12                    **<u>FIRST CAUSE OF ACTION</u>**

13                  **Failure to Pay for All Hours Worked**

14                  **Pursuant to Cal. Lab. Code § 204**

15                      **(On Behalf of the Class)**

16      64.    Plaintiff realleges and incorporates the foregoing paragraphs as though

17  fully set forth herein.

18      65.    Cal. Lab. Code § 200(a) defines wages as "all amounts for labor performed

19  by employees of every description, whether the amount is fixed or ascertained by the

20  standard of time, task, piece, commission basis or other method of calculation."

21      66.    Cal. Lab. Code § 204 provides that employers must compensate employees

22  for all hours worked "twice during each calendar month, on days designated in advance

23  by the employer as the regular paydays."

24      67.    Cal. Lab. Code §§ 221-223 prohibit employers from withholding and

25  deducting wages, or otherwise artificially lowering the wage scale of an employee.

26      68.    Cal. Lab. Code § 1194(a) provides as follows:

27  Notwithstanding any agreement to work for a lesser wage, any employee
   receiving less than the legal minimum wage or the legal overtime
28  compensation applicable to the employee is entitled to recover in a civil

action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorneys' fees, and costs of suit.

69.    Cal. Lab. Code § 1198 makes it unlawful for employers to employ employees under conditions that violate the Wage Orders.

70.    IWC Wage Orders 1-2001(2)(G) and 4-2001(2)(K) define hours worked as "the time during which an employee is subject to the control of an employer and includes all the time the employee is suffered or permitted to work, whether or not required to do so."

71.    Defendants willfully engaged in and continue to engage in a policy and practice of not compensating Plaintiff and putative Class Members for all hours worked or spent in Defendants' control.

72.    Defendants routinely deny Plaintiff and putative Class Members compensation for all hours worked. Plaintiff and putative Class Members are regularly compensated for less than the total amount of hours they actually work. Plaintiff and putative Class Members receive a paycheck for each shift they work, however, the amount of pay issued to Plaintiff and putative Class Members is often insufficient and inconsistent, *i.e.*, Plaintiff's and putative Class Members' pay does not reflect the total amount of hours they actually work. Thus, Defendants underpay Plaintiff and putative Class Members by routinely refusing to compensate all time worked.

73.    Moreover, Defendants charge a currency conversion fee to Plaintiff and putative Class Members as it purportedly converts their wages from Canadian dollars into U.S. dollars. Defendants' charge for converting paid wages from Canadian dollars to U.S. dollars gives rise to unlawful withholdings of wages which impacts the hourly rates of Plaintiff and putative Class Members and results in further failure to pay for all hours worked.

74.    As a result, Plaintiff and putative Class Members are required to work without being fully compensated.  In other words, Plaintiff and putative Class Members are forced to perform work for the benefit of Defendants without compensation.

75.    In violation of California law, Defendants knowingly and willfully refuse to perform their obligations to provide Plaintiff and putative Class Members with compensation for all time worked. Defendants regularly fail to track the time Plaintiff and putative Class Members actually worked and fail to compensate them for all hours worked.

76.    Therefore, Defendants committed, and continue to commit, the acts alleged herein knowingly and willfully, and in conscious disregard of the Plaintiff and putative Class Members' rights. Plaintiff and putative Class Members are thus entitled to recover nominal, actual, and compensatory damages, plus interest, attorneys' fees, expenses, and costs of suit.

77.    As a proximate result of the aforementioned violations, Plaintiff and putative Class Members have been damaged in an amount according to proof at time of trial.

78.    Wherefore, Plaintiff and the putative Class request relief as hereinafter provided.

## SECOND CAUSE OF ACTION

### Failure to Pay Minimum Wage for All Hours Worked

### Pursuant to the Cal. Lab. Code §§ 204, 1194, 1197 & 1198

### (On Behalf of the Class)

79.    Plaintiff realleges and incorporates the foregoing paragraphs as though fully set forth herein.

80.    Cal. Lab. Code § 200(a) defines wages as "all amounts for labor performed by employees of every description, whether the amount is fixed or ascertained by the standard of time, task, piece, commission basis, or other method of calculation."

81.    Cal. Lab. Code § 204 provides that employers must compensate employees for all hours worked "twice during each calendar month, on days designated in advance by the employer as the regular paydays."

82.    Cal. Lab. Code §§ 221-223 prohibit employers from withholding and

1   deducting wages, or otherwise artificially lowering the wage scale of an employee.

2       83.    Cal. Lab. Code § 1194(a) provides as follows:

3   Notwithstanding any agreement to work for a lesser wage, any employee
    receiving less than the legal minimum wage or the legal overtime
4   compensation applicable to the employee is entitled to recover in a civil
    action the unpaid balance of the full amount of this minimum wage or
5   overtime compensation, including interest thereon, reasonable attorneys'
    fees, and costs of suit.

6

7       84.    Cal. Lab. Code § 1198 makes it unlawful for employers to employ

8   employees under conditions that violate the Wage Orders.

9       85.    IWC Wage Orders 1-2001(2)(G) and 4-2001(2)(K) defines hours worked

10  as "the time during which an employee is subject to the control of an employer and

11  includes all the time the employee is suffered or permitted to work, whether or not

12  required to do so."

13      86.    During the applicable statutory period, Cal. Lab. Code §§ 1182.12 and

14  1197, and the Minimum Wage Orders were in full force and effect and required that

15  Defendants hourly employees receive the minimum wage for all hours worked at the

16  rate of eleven dollars ($11.00) per hour commencing on January 1, 2018, twelve dollars

17  ($12.00) per hour commencing on January 1, 2019, thirteen dollars ($13.00) per hour

18  commencing on January 1, 2020, fourteen dollars ($14.00) per hour commencing

19  January 1, 2021, and fifteen dollars ($15.00) per hour commencing January 1, 2022.

20      87.    Defendants have maintained policies and procedures which created a

21  working environment where Plaintiff and putative Class Members are routinely

22  compensated at a rate that is less than the statutory minimum wage.

23      88.    Defendants routinely deny Plaintiff and putative Class Members

24  compensation for all hours worked, including minimum wage. Plaintiff and putative

25  Class Members are regularly compensated for less than the total amount of hours they

26  actually work. Plaintiff and putative Class Members receive a paycheck for each shift

27  they work, however, the amount of pay issued to Plaintiff and putative Class Members

28  is often insufficient and inconsistent, *i.e.*, Plaintiff's and putative Class Members' pay

1   does not reflect the total amount of hours they actually work. Thus, Defendants
2   underpay Plaintiff and putative Class Members by routinely refusing to compensate all
3   time worked resulting in minimum wage violations.

4       89.    Moreover, Defendants charge a currency conversion fee to Plaintiff and
5   putative Class Members as it purportedly converts their wages from Canadian dollars
6   into U.S. dollars. Defendants' charge for converting paid wages from Canadian dollars
7   to U.S. dollars gives rise to unlawful withholdings of wages which impacts the hourly
8   rates of Plaintiff and putative Class Members and results in further failure to pay
9   minimum wage for all hours worked.

10      90.    In violation of California law, Defendants knowingly and willfully refuse
11  to perform their obligations to pay minimum wage to Plaintiff and putative Class
12  Members for all time worked.

13      91.    Therefore, Defendants committed, and continue to commit the acts alleged
14  herein knowingly and willfully, and in conscious disregard of Plaintiff's and putative
15  Class Members' rights. Plaintiff and the putative Class are thus entitled to recover
16  nominal, actual, and compensatory damages, plus interest, attorneys' fees, expenses,
17  and costs of suit.

18      92.    As a proximate result of the aforementioned violations, Plaintiff and the
19  putative Class have been damaged in an amount according to proof at time of trial.

20      93.    Wherefore, Plaintiff and the putative Class request relief as hereinafter
21  provided.

22                          **THIRD CAUSE OF ACTION**

23                          **Failure to Pay Overtime Wages**

24                          **Pursuant to Cal. Lab. Code § 510**

25                          **(On Behalf of the Class)**

26      94.    Plaintiff realleges and incorporates the foregoing paragraphs as though
27  fully set forth herein.

28      95.    Defendants do not compensate Plaintiff and Class Members with

appropriate overtime, including time and a half, as required by California law.

96.    Cal. Lab. Code § 510 provides as follows:

Eight hours of labor constitutes a day's work.  Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee. Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee. In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee.

97.    The IWC Wage Orders 1-2001(3)(A)(1) and 4-2001(3)(A)(1) state:

The following overtime provisions are applicable to employees 18 years of age or over and to employees 16 or 17 years of age who are not required by law to attend school and are not otherwise prohibited by law from engaging in the subject work. Such employees shall not be employed more than eight (8) hours in any workday or more than 40 hours in any workweek unless the employee receives one and one-half (1 ½) times such employee's regular rate of pay for all hours worked over 40 hours in the workweek. Eight (8) hours of labor constitutes a day's work. Employment beyond eight (8) hours in any workday or more than six (6) days in any workweek is permissible provided the employee is compensated for such overtime at not less than: . . . One and one-half (1 ½) times the employee's regular rate of pay for all hours worked in excess of eight (8) hours up to and including 12 hours in any workday, and for the first eight (8) hours worked on the seventh (7th) consecutive day of work in a workweek; and … [d]ouble the employee's regular rate of pay for all hours worked in excess of 12 hours in any workday and for all hours worked in excess of eight (8) hours on the seventh (7th) consecutive day of work in a workweek.

98.    Cal. Lab. Code § 1194(a) provides as follows:

Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorneys' fees, and costs of suit.

99.    Cal. Lab. Code § 200 defines wages as "all amounts for labor performed by employees of every description, whether the amount is fixed or ascertained by the standard of time, task, piece, commission basis or other method of calculation."  All such wages are subject to California's overtime requirements, including those set forth

above.

100.    Defendants routinely deny Plaintiff and putative Class Members compensation for all hours worked, including overtime. Plaintiff and putative Class Members are regularly compensated for less than the total amount of hours they actually work. Plaintiff and putative Class Members receive a paycheck for each shift they work, however, the amount of pay issued to Plaintiff and putative Class Members is often insufficient and inconsistent, *i.e.*, Plaintiff's and putative Class Members' pay does not reflect the total amount of hours they actually work. Thus, Defendants underpay Plaintiff and putative Class Members by routinely refusing to compensate all time worked, including at overtime rates of compensation.

101.    Moreover, Defendants charge a currency conversion fee to Plaintiff and putative Class Members as it purportedly converts their wages from Canadian dollars into U.S. dollars. Defendants' charge for converting paid wages from Canadian dollars to U.S. dollars gives rise to unlawful withholdings of wages which impacts the hourly rates of Plaintiff and putative Class Members and results in further failure to pay for all hours worked, including overtime compensation.

102.    Further, when Defendants compensate Plaintiff and putative Class Members for work performed during overtime hours, Defendants fail to pay Plaintiff and putative Class Members at their appropriate overtime rate. For instance, during peak season, *e.g.*, Christmas season, Plaintiff and putative Class Members often work long shifts lasting ten (10) hours or more. However, Defendants refuses to compensate Plaintiff and putative Members at their overtime rate of one and one half their regular rate of pay for all time worked above eight (8) hours per day and/or forty (40) hours per week. Instead, Defendants continues to pay Plaintiff and putative at their regular rate of pay regardless of whether their time worked exceeds eight (8) hours per day and/or forty (40) hours per week.

103.    As a result, Plaintiff and putative Class Members have worked overtime hours for Defendants without being paid overtime premiums in violation of the Cal.

1 | Lab. Code, applicable IWC Wage Orders, and other applicable law.

2 |     104.   Defendants knowingly and willfully refuse to perform their obligations to

3 | provide Plaintiff and the Class Members with premium wages for all overtime work.

4 | On information and belief, Defendants have not paid any overtime compensation to any

5 | putative Class member. As a proximate result of the aforementioned violations,

6 | Defendants have damaged Plaintiff and the Class Members in amounts to be determined

7 | according to proof at time of trial.

8 |     105.   Defendants are liable to Plaintiff and the putative Class alleged herein for

9 | the unpaid overtime and civil penalties, with interest thereon. Furthermore, Plaintiff is

10 | entitled to an award of attorneys' fees and costs as set forth below.

11 |     106.   Wherefore, Plaintiff and the Class request relief as hereinafter provided.

12 | **FOURTH CAUSE OF ACTION**

13 | **Failure to Authorize and Permit and/or Make Available Meal and/or Rest**

14 | **Periods**

15 | **Pursuant to Cal. Lab. Code §§ 226.7 & 512**

16 | **(On Behalf of the Class)**

17 |     107.   Plaintiff realleges and incorporates the foregoing paragraphs as though

18 | fully set forth herein.

19 |     108.   Defendants routinely fail to authorize, permit and/or make available

20 | compliant meal periods to Plaintiff and putative Class Members. Plaintiff's and putative

21 | Class Members' schedules regularly prevent them from taking compliant meal periods.

22 | Plaintiff and putative Class Members are routinely denied meal and rest breaks for three

23 | reasons: (1) Defendants misclassify Plaintiff and putative Class Members as

24 | independent contractors that are not entitled to meal and rest periods; (2) Defendants do

25 | not authorize, permit, and/or make available timely meal and rest breaks to Plaintiff and

26 | putative Class Members; and (3) Plaintiff and putative Class Members are often too

27 | busy with work during the day to have time to take bona fide meal and rest breaks.

28 |     109.   When Plaintiff and putative Class Members attempt a meal break, such is

often interrupted and/or untimely, *i.e.*, Defendants do not provide Plaintiff and putative Class Members with duty-free, uninterrupted, and timely thirty-minute meal periods during which Plaintiff and putative Class Members should be completely relieved of any duty, by the end of the fifth hour of work.

110.   Plaintiff and putative Class Members are not provided with one (1) hour of premium pay for each day they do not receive a complaint meal break.

111.   Similarly, Defendants regularly fail to make rest periods available to Plaintiff and putative Class Members.  Plaintiff and putative Class Members' schedules regularly prevent them from taking *bona fide* rest breaks throughout the day. When available, if ever, such are often untimely and/or interrupted, *i.e.*, Defendants do not provide Plaintiff and putative Class Members with duty-free, uninterrupted, and timely ten-minute rest periods during which Plaintiff and putative Class Members should be completely relieved of any duty, by the end of the fourth hour of work, and again by the end of the eighth hour of work.

112.   Plaintiff and putative Class Members are not provided with one (1) hour of premium pay for each day they do not receive a complaint rest break.

113.   Further, for each day Plaintiff and putative Class Members work longer shifts of then hours or more, Defendants frequently deny Plaintiff and putative Class Members a duty-free, uninterrupted, and timely second meal break by the end of the tenth hour of work, yet again Plaintiff and putative Class Members do not receive premium payments for these missed second meal breaks.

114.  Cal. Lab. Code § 226.7 and the applicable Wage Orders require Defendants to authorize and permit meal and rest periods to its employees.  Cal. Lab. Code §§ 226.7 and 512 and the Wage Orders prohibit employers from employing an employee for more than five (5) hours without a meal period of not less than thirty minutes, and from employing an employee more than ten (10) hours per day without providing the employee with a second meal period of not less than thirty minutes.

115.   Cal. Lab. Code § 226.7 and the applicable Wage Orders also require

employers to authorize and permit employees to take ten (10) minutes of net rest time per (4) four hours or major fraction thereof of work, and to pay employees their full wages during those rest periods. Unless the employee is relieved of all duty during the thirty-minute meal period, the employee is considered "on duty" and the meal period is counted as time worked under the applicable Wage Orders.

116.    Under Cal. Lab. Code § 226.7(b) and the applicable Wage Orders, an employer who fails to authorize, permit, and/or make available a required meal period must, as compensation, pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the meal period was not authorized and permitted.  Similarly, an employer must pay an employee denied a required rest period one (1) hour of pay at the employee's regular rate of compensation for each workday that the rest period was not authorized and permitted and/or not made available.

117.    Despite these requirements, Defendants have often knowingly and willfully refused to perform their obligations to authorize and permit and/or make available to Plaintiff and putative Class Members the ability to take the meal and/or rest periods to which they are entitled.

118.    Defendants have also failed to pay Plaintiff and putative Class one hour of pay for each day an off-duty meal and/or rest period was denied. Defendants' conduct described herein violates Cal. Lab. Code § 226.7 and 512.  Therefore, pursuant to Cal. Lab. Code § 226.7(b), Plaintiff and putative Class Members are entitled to compensation for the failure to authorize and permit and/or make available meal and rest periods, plus interest, attorneys' fees, expenses, and costs of suit.

119.    As a proximate result of the aforementioned violations, Plaintiff and the putative Class have been damaged in an amount according to proof at time of trial.

120.    Wherefore, Plaintiff and the putative Class request relief as hereinafter provided.

## **FIFTH CAUSE OF ACTION**

### **Failure to Provide Accurate Itemized Wage Statements**

### **Pursuant to Cal. Lab. Code § 226**

### **(On Behalf of the Class)**

121.   Plaintiff realleges and incorporates the foregoing paragraphs as though fully set forth herein.

122.   Defendants do not provide Plaintiff and putative Class Members with accurate itemized wage statements as required by California law.

123.   Cal. Lab. Code § 226(a) provides:

An employer, semimonthly or at the time of each payment of wages, shall furnish to his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately if wages are paid by personal check or cash, an accurate itemized statement in writing showing: (1) gross wages earned, (2) total hours worked by the employee, except as provided in subdivision (j), (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and only the last four digits of his or her social security number, (8) the name and address of the legal entity that is the employer and, if the employer is a farm labor contractor, as defined in subdivision (b) of Section 1682, the name and address of the legal entity that secured the services of the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee …. The deductions made from payments of wages shall be recorded in ink or other indelible form, properly dated, showing the month, day, and year, and a copy of the statement or a record of the deductions shall be kept on file by the employer for at least three years at the place of employment or at a central location within the State of California.

124.   IWC Wage Orders 1-2001(7) and 4-2001(7) establishes similar wage statement requirements.

125.   Cal. Lab. Code § 226(e) provides:

An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorney's fees.

126.   Plaintiff seeks to recover actual damages, costs, and attorneys' fees under this section.

127.   Defendants do not provide timely, accurate itemized wage statements to Plaintiff and putative Class Members in accordance with Cal. Lab. Code § 226(a) and the IWC Wage Orders. The wage statements Defendants provide their employees, including Plaintiff and putative Class Members, do not accurately reflect all hours worked, including minimum wages and overtime. In addition, Defendants' wage statements do not include premium pay for missed meal and rest period.

128.   Defendants are liable to Plaintiff and the putative Class alleged herein for the amounts described above in addition to the civil penalties set forth below, with interest thereon. Furthermore, Plaintiff is entitled to an award of attorneys' fees and costs as set forth below, pursuant to Cal. Lab. Code § 226(e).

129.   Wherefore, Plaintiff and the putative Class request relief as hereinafter provided.

## SIXTH CAUSE OF ACTION

### Waiting Time Penalties

### Pursuant to Cal. Lab. Code §§ 201-203

### (On Behalf of the Class)

130.   Plaintiff realleges and incorporates the foregoing paragraphs as though fully set forth herein.

131.   Defendants do not provide putative Class Members with their wages when due under California law after their employment with Defendants ends.

132.   Cal. Lab. Code § 201 provides:

If an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately.

133.   Cal. Lab. Code § 202 provides:

If an employee not having a written contract for a definite period quits his or her employment, his or her wages shall become due and payable not later than 72 hours thereafter, unless the employee has given 72 hours

previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting.

134.   Cal. Lab. Code § 203 provides, in relevant part:

If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.5, 202, and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days.

135.   Some of the putative Class Members, including Plaintiff, left their employment with Defendants during the statutory period, at which time Defendants owed them unpaid wages. These earned, but unpaid, wages derive from time spent working for the benefit of Defendants, which went unrecorded and/or uncompensated. In addition, Plaintiff and putative Class Members who left their employment during the statutory period were owed premium pay for missed, interrupted and/or untimely meal and rest periods.

136.   Defendants willfully refused and continue to refuse to pay putative Class Members all the wages that are due and owing to them, in the form of uncompensated time worked, upon the end of their employment as a result of Defendants' willful failure to provide Plaintiff and the putative Class Members with payment for all hours worked, including minimum wage and overtime.  In addition, Defendant willfully refused and continue to refuse to pay Plaintiff and putative Class Members premium pay for missed, interrupted and/or untimely meal and rest periods. As a result of Defendants' actions, Plaintiff and putative Class Members have suffered and continue to suffer substantial losses, including lost earnings, and interest.

137.   Defendants' willful failure to pay Plaintiff and putative Class Members the wages due and owing them constitutes a violation of Cal. Lab. Code §§ 201-202. As a result, Defendants are liable to Plaintiff and proposed Class Members for all penalties owing pursuant to Cal. Lab. Code §§ 201-203.

138.   In addition, Cal. Lab. Code § 203 provides that an employee's wages will

1  continue as a penalty up to thirty (30) days from the time the wages were due. Therefore,

2  the Plaintiff and putative Class Members are entitled to penalties pursuant to Cal. Lab.

3  Code § 203, plus interest.

4      139.   Wherefore, Plaintiff and the Class request relief as hereinafter provided.

5                    **SEVENTH CAUSE OF ACTION**

6           **Violation of Cal. Bus. & Prof. Code §§ 17200, *et seq*.**

7                    **(On Behalf of the Class)**

8      140.   Plaintiff realleges and incorporates the foregoing paragraphs as though

9  fully set forth herein.

10     141.   Cal. Bus. & Prof. Code § 17200, *et seq*., prohibits unfair competition in the

11  form of any unlawful, unfair, or fraudulent business acts or practices.

12     142.   Cal. Bus & Prof. Code § 17204 allows a person injured by the unfair

13  business acts or practices to prosecute a civil action for violation of the UCL.

14     143.   Cal. Lab. Code § 90.5(a) states it is the public policy of California to

15  vigorously enforce minimum labor standards in order to ensure employees are not

16  required to work under substandard and unlawful conditions, and to protect employers

17  who comply with the law from those who attempt to gain competitive advantage at the

18  expense of their workers by failing to comply with minimum labor standards.

19     144.   Beginning at an exact date unknown to Plaintiff, but at least since the date

20  four years prior to the filing of this suit, Defendants have committed acts of unfair

21  competition as defined by the UCL, by engaging in the unlawful, unfair, and fraudulent

22  business acts and practices described in this Complaint, including, but not limited to:

23       a.   Violations of Cal. Lab. Code § 226.8 pertaining to misclassification of

24           workers as independent contractors instead of employees;

25       b.   Violations of Cal. Lab. Code § 1194 and IWC Wage Orders 1-2001 and 4-

26           2001 pertaining to payment of wages, including minimum wage, for all hours

27           worked;

28       c.   Violations of Cal. Lab. Code § 510 and Wage Orders 1-2001 and 4-2001

pertaining to overtime;

d.    Violations of Cal. Lab. Code §§ 226.7, 512 and Wage Orders 1-2001 and 4-2001 pertaining to meal periods and rest breaks;

e.    Violations of Cal. Lab. Code § 226 regarding accurate, timely itemized wage statements; and

f.    Violations of Cal. Lab. Code §§ 201-302 pertaining to payment of all due wages upon separation from employment.

145.    The violations of these laws and regulations, as well as of the fundamental California public policies protecting wages, serve as unlawful predicate acts and practices for purposes of Cal. Bus. & Prof. Code §§ 17200, *et seq*.

146.    The acts and practices described above constitute unfair, unlawful, and fraudulent business practices, and unfair competition, within the meaning of Cal. Bus. & Prof. Code §§ 17200, *et seq*. Among other things, the acts and practices have taken from Plaintiff and the Class wages rightfully earned by them, while enabling Defendants to gain an unfair competitive advantage over law-abiding employers and competitors.

147.    Cal. Bus. & Prof. Code § 17203 provides that a court may make such orders or judgments as may be necessary to prevent the use or employment by any person of any practice which constitutes unfair competition.

148.    As a direct and proximate result of the aforementioned acts and practices, Plaintiff and the Class Members have suffered a loss of money and property, in the form of unpaid wages which are due and payable to them.

149.    Cal. Bus. & Prof. Code § 17203 provides that the Court may restore to any person in interest any money or property which may have been acquired by means of such unfair competition. Plaintiff and the Class are entitled to restitution pursuant to Cal. Bus. & Prof. Code § 17203 for all wages and payments unlawfully withheld from employees during the four-year period prior to the filing of this Complaint. Plaintiff's success in this action will enforce important rights affecting the public interest and, in that regard, Plaintiff sues on behalf of herself as well as others similarly situated.

Plaintiff and putative Class Members seek and are entitled to gratuity payments retained by Defendants, unpaid wages, declaratory relief, and all other equitable remedies owing to them.

150.    Plaintiff herein takes upon herself enforcement of these laws and lawful claims. There is a financial burden involved in pursuing this action, the action is seeking to vindicate a public right, and it would be against the interests of justice to penalize Plaintiff by forcing her to pay attorneys' fees from the recovery in this action. Attorneys' fees are appropriate pursuant to Cal. Code Civ. Proc. § 1021.5 and otherwise.

151.    Wherefore, Plaintiff and the putative Class request relief as hereinafter provided.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, on behalf of the Class and Collective Members, requests the following relief:

1.    Damages and restitution according to proof at trial for all unpaid gratuities, wages and other injuries, as provided by the Cal. Lab. Code, and Cal. Bus. & Prof. Code;

2.    For a declaratory judgment that Defendants violated the Cal. Lab. Code, California law, and public policy as alleged herein;

3.    For a declaratory judgment that Defendants violated Cal. Bus. & Prof. Code §§ 17200, *et seq*. as a result of the aforementioned violations of the Cal. Lab. Code;

4.    For an equitable accounting to identify, locate, and restore to all current and former employees the wages they are due, with interest thereon;

5.    For an order awarding Plaintiff and putative Class Members compensatory damages, including gratuities owed, lost wages, earnings, liquidated damages, and other employee benefits, restitution, recovery of all money/property, actual damages, and all other sums of money owed to Plaintiff and putative Class Members, together with interest on these

1 | amounts according to proof;

2 | 6.    For an order awarding Plaintiff and putative Class Members civil penalties

3 | pursuant to the Cal. Lab. Code, and the laws of the State of California, with

4 | interest thereon;

5 | 7.    For an order awarding reasonable attorneys' fees as provided by the Cal.

6 | Lab. Code, Cal. Code Civ. Proc. § 1021.5, the laws of the State of

7 | California, and/or other applicable law;

8 | 8.    For all costs of suit;

9 | 9.    For interest on any penalties awarded, as provided by applicable law; and

10 | 10.    For such other and further relief as this Court deems just and proper.

11 |

12 |                                                      Respectfully Submitted,

13 | Date: February 14, 2022

14 |

15 | Carolyn H. Cottrell

16 | Eugene Zinovyev
    | Andrew D. Weaver

17 | Philippe M. Gaudard
    | **SCHNEIDER WALLACE**

18 | **COTTRELL KONECKY LLP**

19 |

20 | *Attorneys for Plaintiff,*
    | *on behalf of the putative Class*

21 |

22 |

23 |

24 |

25 |

26 |

27 |

28 |

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL
*Gomez. v. 4400 WE Technologies, Inc. d/b/a Pattern Jobs, et al.*

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial on all claims and issues for which Plaintiff is entitled to a jury.

Respectfully Submitted,

Date: February 14, 2022

Carolyn H. Cottrell
Eugene Zinovyev
Andrew D. Weaver
Philippe M. Gaudard
**SCHNEIDER WALLACE
COTTRELL KONECKY LLP**

*Attorneys for Plaintiff,
on behalf of the putative Class*